E-FILING

FILED

ADR

2007 NOV -7 P 4:20

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

Fee Paid
$1
(5)

KIM PEDERSON, State Bar # 234785
kimp@lawfoundation.org
MONA MOTWANI, State Bar # 239677
monam@lawfoundation.org
**LFSV FAIR HOUSING LAW PROJECT**
ALISON BRUNNER, State Bar # 180979
alisonb@lawfoundation.org
HILARY ARMSTRONG, State Bar # 234750
hilarya@lawfoundation.org
**LFSV AIDS LEGAL SERVICES**
111 West Saint John Street, Suite 315
San Jose, California 95113
Telephone:  408-280-2467
Facsimile:  408-293-0106

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Jose)

ARTHUR RAMIREZ by and through his
conservator of his person and estate ROBERT D.
CECIL; ELIZABETH RAMIREZ; and
PROJECT SENTINEL, a California not-for-
profit organization,

     Plaintiffs,

     v.

MARIO and MARILOU CAYABYAB,

     Defendants.

CASE NO: **C07 05670 HRL**

**COMPLAINT FOR MONETARY,
INJUNCTIVE, AND DECLARATORY
RELIEF; DEMAND FOR JURY TRIAL.**

## I. INTRODUCTION

1.  In this action, Plaintiff Arthur Ramirez, by and through his conservator of his person and

estate Robert D. Cecil, Public Guardian of the County of Santa Clara, Plaintiff Elizabeth Ramirez, and

Ramirez v. Cayabyab
COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL.

- 1 -

1  Plaintiff Project Sentinel seek declaratory and injunctive relief and monetary damages against

2  Defendants and their agents for unlawful discrimination on the basis of disability by offering housing on

3  different terms and conditions and making housing unavailable for Arthur Ramirez once Defendants

4  learned he had Human Immunodeficiency Virus (HIV) and by making statements indicating that

5  Defendants discriminate against residents and rental applicants based on HIV diagnosis.

## II. JURISDICTION AND VENUE

7      2.   Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. section 1331 in that the claims

8  alleged herein arise under the laws of the United States.  This Court has supplemental jurisdiction

9  pursuant to 28 U.S.C. section 1367 to hear and determine Plaintiffs' state-law claims because those

10  claims are related to Plaintiffs' federal claims and arise out of a common nucleus of related facts.

11  Plaintiffs' state-law claims are related to Plaintiffs' federal law claims in that those claims form part of

12  the same case or controversy under Article III of the United States Constitution.

13      3.   The Court has jurisdiction over Plaintiffs' action for declaratory relief pursuant to 28 U.S.C.

14  section 2201 and Rule 57 of the Federal Rules of Civil Procedure.  Injunctive relief is authorized by 28

15  U.S.C. section 2203 and Rule 65 of the Federal Rules of Civil Procedure.

16      4.   Venue is proper in the Northern District of California pursuant to 28 U.S.C. section

17  1391(b)(2) in that the unlawful conduct that gives rise to these claims occurred within the Northern

18  District of California.

## III. INTRADISTRICT ASSIGNMENT

20      5.   Intradistrict assignment in San Jose is proper because the unlawful conduct that gives rise to

21  these claims occurred in Santa Clara County.

## IV. PARTIES

23      6.   Plaintiff Arthur Ramirez is a 34-year old man living with HIV disease and schizophrenia.

24  Mr. Ramirez is a qualified person with a disability under all relevant statutes.  His current principal place

25  of residence is a board and care facility located in San Jose, California.  Robert D. Cecil, Santa Clara

26  County Public Guardian, is Mr. Ramirez's court-appointed conservator.

27

28  Ramirez v. Cayabyab
COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL

7.  Plaintiff Elizabeth Ramirez is the mother of Arthur Ramirez.  Her principal place of residence is located in Los Gatos, California.

8.  Plaintiff Project Sentinel, Inc. is a not-for-profit corporation organized under the laws of the State of California, with its principal place of business located at 430 Sherman Avenue, Suite 308 in Palo Alto, California.  Project Sentinel's specific purposes and goals include the promotion of equal opportunity in the renting, purchasing, financing and advertising of housing and the elimination of all forms of illegal housing discrimination.  To this end, the activities in which Project Sentinel engages include, but are not limited to:

    a.   Providing outreach and education to the community, including housing providers and local governments, regarding fair housing;

    b.   Acting as a local and regional advocate of equal housing opportunities;

    c.   Assisting and aiding individuals through counseling, referrals and other services to obtain equal access to housing throughout Santa Clara County and other counties in California without regard to race, color, religion, national origin, familial status, disability, sex, marital status, sexual orientation, age, source of income, or other arbitrary basis;

    d.   Conducting tests of housing facilities and surveys of residents to determine whether equal opportunity in housing is provided and otherwise actively monitoring and investigating discriminatory housing practices;

    e.   Investigating allegations of discrimination; and

    f.   Taking such steps as it deems necessary to assure equal opportunity in housing and to counteract and eliminate discriminatory housing practices.

9.  At all times relevant herein, Defendants Mario and Marilou Cayabyab owned and operated Cayabyab's Residential Care Facility located at 770 Pronto Drive in San Jose, California  (hereinafter "the subject premises").  The facility operated as an adult residential care facility licensed by the California Department of Social Services Community Care Licensing Division.

Ramirez v. Cayabyab
COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL.

- 3 -

10. At all times relevant herein, the subject premises included at least four units rented to tenants under separate agreements. The subject premises was a "dwelling" within the meaning of the federal Fair Housing Amendments Act of 1988 and a "housing accommodation" within the meaning of the California Fair Employment and Housing Act.

11. At all relevant times herein, Defendants were engaged in the business of providing housing with residential care services to the general public.

12. On information and belief, at all relevant times alleged herein, Defendants also owned at least four other properties and offered them for rent to the general public.

13. At all relevant times alleged herein, Defendants were agents, servants and employees of each other and were acting within the scope of such agency or employment while engaged in the acts, omissions and other conduct alleged in this complaint, or the alleged acts, omissions and other conduct of each defendant was subsequently ratified or adopted by the other Defendant.

## V. FACTS

### A. PLAINTIFFS' COMPLAINT

14. Plaintiff Arthur Ramirez is a 34-year old man. He is a gravely disabled person as defined by Chapter 3, Part 1, Division 5 of the California Welfare and Institutions Code. Mr. Ramirez has been diagnosed with schizophrenia and has asymptomatic HIV.

15. HIV is a disability within the meaning of the federal Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601 et seq., the California Fair Employment and Housing Act, Cal. Gov't Code § 12955 et seq., and the California Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq.

16. In 1997, the Public Guardian's Office of Santa Clara County was appointed conservator of Mr. Ramirez's person as a consequence of his inability to provide properly for his personal needs for physical health, food, clothing and shelter pursuant to Chapter 3, Part 1, Division 5 of the California Welfare and Institutions Code. In April 2007, the Public Guardian's Office was appointed conservator of Mr. Ramirez's estate.

17. In March 2006, Deputy Public Guardian Ben Lopez served as Mr. Ramirez's conservator.

Ramirez v. Cayabyab
COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL

18. On or about March 6, 2006, conservator Ben Lopez arranged for Mr. Ramirez to be placed in a unit at the subject premises pursuant to a rental agreement.

19. As the subject premises was a licensed board and care facility, Mr. Ramirez relied upon its staff to distribute his psychiatric medications. Mr. Ramirez was not required to, nor did he choose to disclose that he was HIV positive at the time of his placement at the facility, and he did not seek assistance with managing or distributing his HIV medications.

20. Shortly after Mr. Ramirez was placed at the subject premises, Ms. Ramirez's friend, Mark Roberts, went to the subject premises to deliver Mr. Ramirez's HIV medications to Mr. Ramirez. Mr. Roberts was questioned by staff at the door, and told that he could not leave the medication. Mr. Roberts felt uncomfortable and left the subject premises. He did not disclose to Defendants or their agents that Mr. Ramirez was HIV positive. Mr. Ramirez had to travel to the pharmacy by bus the next day to pick up his HIV medications.

21. When Defendants learned that Mr. Ramirez was taking medications in addition to those being distributed by Defendants, they began questioning Mr. Ramirez regarding his medical condition. Mr. Ramirez expressed concern regarding this questioning to his case manager, Dolores Rebeca Lemus on March 14, 2006. Mr. Ramirez became extremely distressed and anxious because of Defendant's questioning.

22. As a result of Defendants' questioning of Mr. Ramirez, Defendants found out that Mr. Ramirez was HIV positive.

23. Shortly after Defendant Marilou Cayabyab found out that Mr. Ramirez was HIV positive, she had a discussion with Mr. Ramirez's conservator, Ben Lopez, and asked him to find a different placement for Mr. Ramirez because of his HIV. In a conversation on or around March 22, 2006, Ms. Cayabyab told Mr. Lopez that the subject premises could no longer meet Mr. Ramirez's needs.

24. On or about April 3, 2006, Defendant Marilou Cayabyab specifically informed Ms. Lemus, Mr. Ramirez's case manager, that Defendants had found out about Mr. Ramirez's illness and wanted him moved out of their facility because of his HIV.

Ramirez v. Cayabyab
COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL

25. Mr. Ramirez's conservator Mr. Lopez and case manager Ms. Lemus began working together to find an alternate placement for Mr. Ramirez based on Defendants' threats to evict Mr. Ramirez.

26. At some point, Defendants led Mr. Ramirez to believe that he had to leave the subject premises by April 10, 2006. Upon hearing this news, Mr. Ramirez became distressed about losing his housing and contacted his mother, Ms. Elizabeth Ramirez, to inform her that he was being asked to leave by Defendants. Ms. Ramirez contacted Ms. Lemus because she was concerned and distressed by this news. Ms. Lemus contacted the board and care operator at Cayabyab, who directed her to contact Defendant Marilou Cayabyab for more information.

27. On or about April 11, 2006, Ms. Lemus spoke with Defendant Marilou Cayabyab who stated that Mr. Ramirez was being evicted from Cayabyab because he had AIDS.

28. After her conversation with Defendant Marilou Cayabyab, Ms. Lemus contacted Mr. Ramirez and his mother, Ms. Ramirez, to let them know that Defendants were planning to evict Mr. Ramirez due to his HIV status. Ms. Ramirez was greatly distressed by this news, and Ms. Lemus provided her with information and referrals regarding the eviction process.

29. As a result of her conversation with Defendant Marilou Cayabyab, Ms. Lemus contacted Adult Protective Services on April 11, 2006 to file a telephone report regarding Mr. Ramirez being evicted due to his HIV status. Ms. Lemus faxed and mailed a written report to Adult Protective Services on April 12, 2006, stating that Defendant Marilou Cayabyab had informed her that Mr. Ramirez was being evicted for having AIDS.

30. On April 12, 2006, Defendant Marilou Cayabyab faxed a copy of an undated notice to Ms. Lemus. The notice was addressed to Mr. Lopez and Ms. Lemus, and stated that they had 30 days to relocate Mr. Ramirez pursuant to Ms. Cayabyab's March 22, 2006 conversation with Mr. Lopez.

31. On April 18, 2006, Mr. Ramirez was put on an involuntary psychiatric hold and did not return to live at the subject premises.

//

//

Ramirez v. Cayabyab
COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL

## B. PROJECT SENTINEL'S FAIR HOUSING INVESTIGATION

32. On or about July 19, 2006, Project Sentinel conducted testing to investigate whether Defendants Mario and Marilou Cayabyab discriminated against applicants or residents diagnosed with HIV or AIDS.

33. A Project Sentinel tester called the subject premises on July 19, 2006 to inquire about any vacancies and the criteria for rental. The tester was told to call Defendant Mario Cayabyab directly.

34. The Project Sentinel tester telephoned Defendant Mario Cayabyab on July 19, 2006 and stated that Project Sentinel was in the process of creating an information and referral list and wanted general information on the types of tenants Defendants accepted. Mr. Cayabyab stated that they were a licensed residential care facility which provided basic caretaking of residents. He also mentioned that he operated several facilities, including one in Fresno.

35. In the same conversation, Project Sentinel asked if Defendants accepted people diagnosed with dementia, diabetes, mental health disabilities, HIV/AIDS and physical disabilities including those in wheelchairs. Mr. Cayabyab answered yes to all except HIV/AIDS. Mr. Cayabyab stated that Defendants did not accept people with HIV or AIDS into their facilities.

36. In response to Mr. Cayabyab's statement that Defendants did not accept people diagnosed with HIV or AIDS into their facilities, Project Sentinel mailed out 253 letters to residential care facilities in the South Bay region in January 2007. The letters informed the residential care facilities that refusing to rent to persons diagnosed with HIV/AIDS is illegal under fair housing laws.

## VI. INJURIES

37. Under both federal and state fair housing laws, discrimination against persons with disabilities, including HIV/AIDS status, is impermissible.

38. Defendants, acting individually and in concert with others, directly and through agents, have engaged in a pattern or practice of discrimination and retaliation against individuals with HIV in the operation and rental of housing at Cayabyab. Defendants continue to operate rental housing and engage in such a pattern or practice of discrimination so as to constitute a continuing violation.

39. Defendants' pattern or practice of discrimination against people on account of their disability status includes, but is not limited to:

    A. Denying, or otherwise making unavailable, housing to residents or prospective residents with HIV through restricting, limiting, steering, evicting or threatening to evict residents from otherwise available rental housing because of their HIV status;

    B. Harassing or otherwise treating differently prospective tenants or in-place tenants who have HIV;

    C. Making statements with respect to the rental of a housing accommodation that indicates a preference, limitation or discrimination based on HIV status; and

    D. Making impermissible inquires into the nature and extent of individuals' disabilities.

40. Defendants failed to adequately train and supervise their employees, agents, and themselves regarding the federal and state fair housing laws.

41. By reason of Defendants' unlawful acts and practices, Plaintiff Arthur Ramirez suffered humiliation, mental anguish and severe emotional distress, including the attendant physical injuries and conditions, as well as violation of his civil rights and loss of housing. Accordingly, Mr. Ramirez is entitled to compensatory damages. Robert D. Cecil, Santa Clara County Public Guardian, as Mr. Ramirez's court-appointed conservator, is duly authorized to seek and obtain said damages by and on behalf of Mr. Ramirez.

42. By reason of Defendants' unlawful acts and practices, Plaintiff Arthur Ramirez lost a housing opportunity and suffered damages as a result of his search for housing. Accordingly, Mr. Ramirez is entitled to actual damages. Robert D. Cecil, Public Guardian, as Mr. Ramirez's court-appointed conservator, is duly authorized to seek and obtain said damages by and on behalf of Mr. Ramirez.

43. By reason of Defendants' unlawful acts and practices, Plaintiff Elizabeth Ramirez suffered humiliation, mental anguish and severe emotional distress, including the attendant physical injuries and

1    conditions, as well as violation of her son's civil rights and loss of housing. Accordingly, Ms. Ramirez

2    is entitled to compensatory damages.

3        44. In doing the acts of which Plaintiffs complain, Defendants and their agents and employees

4    acted intentionally, maliciously, wantonly, recklessly, and in bad faith. Accordingly, Plaintiffs Arthur

5    Ramirez, by and through his conservator, and Elizabeth Ramirez are also entitled to punitive damages.

6        45. There now exists an actual controversy between the parties regarding all Defendants' duties

7    under the federal and state fair housing laws. Accordingly, all Plaintiffs are entitled to declaratory relief.

8        46. As a result of Defendants' actions, Plaintiff Project Sentinel has diverted its scarce resources

9    away from its usual education, counseling, and referral services and has engaged in activities to

10    counteract Defendants' discriminatory housing practices. Defendants' discriminatory practices have also

11    caused harm to Project Sentinel by frustrating its mission of identifying and eliminating discriminatory

12    housing practices against individuals with disabilities, and other persons in protected classes in Santa

13    Clara County. Project Sentinel has made substantial efforts and expanded considerable resources to

14    ensure equal housing opportunities for individuals with disabilities, and other persons in protected

15    classes. Defendants' discriminatory conduct has adversely affected Project Sentinel's goal of achieving

16    fair houing by impeding its efforts to educate the public about housing discrimination. Accordingly,

17    Project Sentinel is entitled to compensatory damages.

18        47. Defendants continue to offer rental housing to the general public. Unless enjoined, all

19    Defendants will continue to engage in the unlawful acts and the pattern or practice of discrimination

20    described above. Plaintiffs have no adequate remedy at law for Defendants' ongoing unlawful conduct.

21    Plaintiffs are now suffering and will continue to suffer irreparable injury from Defendants' acts and their

22    pattern or practice of discrimination against people with HIV disease unless relief is provided by this

23    Court. Accordingly, all Plaintiffs are entitled to injunctive relief.

24    //

25    //

26    //

27

28    Ramirez v. Cayabyab
    COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL.

# VII. CLAIMS

## A. FIRST CLAIM
**[Fair Housing Amendments Act, 42 U.S.C. § 3604 et seq.]**
**[Asserted by all Plaintiffs against all Defendants]**

48.  Plaintiffs reallege and incorporate by reference paragraphs 1 through 47 of the Complaint herein.

49.  Defendants injured Plaintiffs in violation of the Fair Housing Amendments Act by committing the following discriminatory housing practices:

    A.  Making statements with respect to the rental of a dwelling that indicated a preference, limitation, or discrimination based on disability, in violation of 42 U.S.C. section 3604(c);

    B.  Discriminating or otherwise making unavailable or denying a dwelling because of a handicap of the renter in violation of 42 U.S.C. section 3604(f)(1);

    C.  Discriminating in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with such dwelling because of a handicap of the renter in violation of 42 U.S.C. section 3604(f)(2); and

50.  As a proximate cause of Defendants' conduct, Plaintiffs have been damaged, as alleged herein.

## B. SECOND CLAIM
**[California Fair Employment and Housing Act, Cal. Gov't. Code § 12955 et seq.]**
**[Asserted by all Plaintiffs against all Defendants]**

51.  Plaintiffs reallege and incorporate by reference paragraphs 1 through 50 of the Complaint herein.

52.  Defendants injured Plaintiffs in violation of the California Fair Employment and Housing Act by committing the following discriminatory housing practices:

    A.  Discriminating because of disability, in violation of California Government Code sections 12955(a) and (d);

    B.  Making statements with respect to the rental of a housing accommodation that

Ramirez v. Cayabyab
COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL

indicates a preference, limitation or discrimination based on disability, in violation of California Government Code section 12955(c);

C. Otherwise making unavailable or denying a dwelling based on disability status, in violation of California Government Code section 12955(k);

53. As a proximate cause of Defendants' conduct, Plaintiffs have been damaged, as set forth above.

### C. THIRD CLAIM
### [California Unruh Civil Rights Act, Cal. Gov't. Code § 51 et seq.]
### [Asserted by Plaintiff Arthur Ramirez, by and through his conservator, against all Defendants]

54. Plaintiffs reallege and incorporate by reference paragraphs 1 through 53 of the complaint herein.

55. Defendants injured Plaintiff Arthur Ramirez by violating his right to fair housing under the Unruh Civil Rights Act, California Civil Code section 51 et seq., in that Defendants discriminated against and harassed Mr. Ramirez in the operation of Cayabyab's Residential Care Facility, a business establishment, on the basis of his disability.

56. Defendants' conduct as alleged herein constitutes a denial of full and equal access to housing accommodations to Plaintiff Arthur Ramirez within the meaning of California Civil Code section 51.

57. Pursuant to the Unruh Civil Rights Act, Plaintiff Arthur Ramirez is entitled to statutory damages, among other remedies, of up to three times his actual damages as determined by the trier of fact.

58. As a proximate cause of Defendants' conduct, Plaintiff Arthur Ramirez has been damaged, as set forth above.

### D. FOURTH CLAIM
### [Negligence]
### [Asserted by all Plaintiffs against all Defendants]

59. Plaintiffs reallege and incorporate by reference paragraphs 1 through 58 of the complaint herein.

60. Defendants owe and owed plaintiffs and the general public a non-delegable duty to operate their rental premises in a manner free from discrimination and to hire, train, supervise and discipline

1  their employees and each other to fulfill that duty.

2  61. Defendants negligently violated their duties by operating their rental premises in a manner

3  that discriminated against residents on account of familial status.  Defendants' violation of their duties

4  was the result of negligence, including, but not limited to:

5  a.   Defendants' negligent failure to train their employees and each other regarding the

6  requirements of federal and state fair housing laws;

7  b.   Defendants' negligent failure to hire persons who were familiar with the requirements

8  of federal and state fair housing laws;

9  c.   Defendants' negligent failure to supervise their employees and each other regarding

10  compliance with the requirements of federal and state fair housing laws;

11  d.   Defendants' negligent failure to comply with the requirements of federal and state fair

12  housing laws;

13  e.   Defendants' negligent failure to discipline or terminate employees who failed to

14  comply with the requirements of state and federal fair housing laws.

15  62.  As an actual and proximate cause of defendants' conduct, plaintiffs were and continue to be

16  damaged, as set forth above, in an amount to be proven at trial.

17  **VIII.  RELIEF**

18  WHEREFORE, Plaintiffs pray for the following relief:

19  1.   That the Court assume supplemental jurisdiction over all state law claims, pursuant to 28

20  U.S.C. section 1367;

21  2.   That the Court declare that Defendants have violated the provisions of applicable federal and

22  state fair housing laws;

23  3.   That the Court enjoin all unlawful practices complained of herein and impose affirmative

24  injunctive relief requiring Defendants, their partners, agents, employees, assignees, and all persons

25  acting in concert or participating with them, to take affirmative steps to provide equal housing

26  opportunities to all tenants and prospective tenants regardless of disability status, including providing

27

28  Ramirez v. Cayabyab
COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL

1  training regarding anti-discrimination laws for all employees and agents and eliminating discriminatory

2  policies and practices;

3      4.  That the Court further enjoin all unlawful practices complained of herein and impose

4  affirmative injunctive relief requiring Defendants, their partners, agents, employees, assignees, and all

5  persons acting in concert or participating with them, to cease discriminating in the terms and conditions

6  of providing rental housing to both prospective and in-place tenants with disabilities;

7      5.  That the Court award actual, compensatory and punitive damages to all Plaintiffs, according

8  to proof;

9      6.  That the Court award up to three times the amount of actual damages to Plaintiff Arthur

10  Ramirez, by and through his conservator, against each Defendant pursuant to the Unruh Civil Rights

11  Act;

12      7.  That the Court award Plaintiffs costs of suit, including reasonable attorneys' fees; and

13      8.  That the Court grant all such other relief as the Court deems just.

14

15  Dated: November 7, 2007                                FAIR HOUSING LAW PROJECT

16

17

18                                                                  KIM PEDERSON
                                                                     Attorney for Plaintiffs

19

20                                                                  AIDS LEGAL SERVICES

21

22

23                                                                  HILARY ARMSTRONG
                                                                     Attorney for Plaintiffs

24

25

26

27

28  Ramirez v. Cayabyab
    COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL

## IX.  JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby request a trial by jury as to each and every claim for which they are so entitled.


Dated:  November 7, 2007                    FAIR HOUSING LAW PROJECT

KIM PEDERSON
Attorney for Plaintiffs


AIDS LEGAL SERVICES

HILARY ARMSTRONG
Attorney for Plaintiffs