KIM PEDERSON, State Bar # 234785
kimp@lawfoundation.org
**LFSV FAIR HOUSING LAW PROJECT**
ALISON BRUNNER, State Bar # 180979
alisonb@lawfoundation.org
HILARY ARMSTRONG, State Bar # 234750
hilarya@lawfoundation.org
**LFSV AIDS LEGAL SERVICES**
111 West Saint John Street, Suite 315
San Jose, California 95113
Telephone:  408-280-2467
Facsimile:   408-293-0106

Attorneys for Plaintiffs

MARTIN DEUTSCH, State Bar # 111409
deutschlaw@msn.com
SOSAN AKBAR, State Bar # 212424
**LAW OFFICES OF MARTIN DEUTSCH**
440 N. First Street
San Jose, CA 95112
Telephone:  408-947-1760
Facsimile:  408-947-0349

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ARTHUR RAMIREZ by and through his conservator of his person and estate ROBERT D. CECIL; ELIZABETH RAMIREZ; and PROJECT SENTINEL, a California not-for-profit organization,<br><br>    Plaintiffs,<br><br>    v.<br><br>MARIO and MARILOU CAYABYAB,<br><br>    Defendants. | Case No.  C 07-05670 HRL<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER**<br><br>DATE:    February 26, 2008<br>TIME:    1:30 PM<br>ROOM:   2<br>JUDGE:  Magistrate Judge<br>               Howard R. Lloyd |

CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO. C 07-05670 HRL

1

1  The parties to the above-entitled action submit this Joint Case Management Statement and Proposed Order and request that the Court adopt it as its Case Management Order in this action. Plaintiffs are represented by Fair Housing Law Project and AIDS Legal Services of the Law Foundation of Silicon Valley.  Defendants are represented by the Law Offices of Martin Deutsch.

**1.      Jurisdiction and Service**

The Court has subject matter jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. § 1331 since plaintiffs' lawsuit alleges violations of the federal Fair Housing Amendments Act, 42 U.S.C. § 3604 et seq.  This court has supplemental jurisdiction to determine plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  Those state law claims are related to plaintiffs' federal claims and arise out of a common nucleus of related facts.  Plaintiffs' state law claims are also related to their federal law claims in that those claims form part of the same case or controversy under Article III of the United States Constitution.  This court has jurisdiction over plaintiffs' action for declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.  Injunctive relief is authorized by 28 U.S.C. § 2203 and Rule 65 of the Federal Rules of Civil Procedure.

No issues exist regarding personal jurisdiction or venue.  All parties have been served and proofs of service are on file with the court.  All defendants have answered the complaint.

**2.      Facts**

*A Brief Description of Events Underlying the Action:*

In this case, plaintiffs allege that defendants Mario Cayabyab and Marilou Cayabyab discriminated against plaintiff Arthur Ramirez on the basis of his disability, Human Immunodeficiency Virus (HIV).  Defendants owned and operated several residential care facilities including one in San Jose, California, where plaintiff Mr. Ramirez resided.  Plaintiffs allege that when defendants learned that Mr. Ramirez had HIV, defendants informed Mr. Ramirez, his case manager and his conservator that they wanted Mr. Ramirez moved out of their facility because of his HIV status.

Individual plaintiffs are Arthur Ramirez, by and through his conservator of his person and estate Robert D. Cecil, Public Guardian of the County of Santa Clara and Elizabeth Ramirez.

1   Plaintiff Arthur Ramirez is a 34-year old man living with HIV disease and schizophrenia. Robert
2   D. Cecil, Santa Clara County Public Guardian, is Mr. Ramirez's court-appointed conservator.
3   Plaintiff Elizabeth Ramirez is the mother of Mr. Ramirez. Ms. Ramirez was involved with her
4   son's care and in regular communication with his case manager and conservator during the time
5   he lived at defendants' facility.

6   Plaintiff Project Sentinel, Inc. is a non-profit fair housing organization that provides fair
7   housing services in San Jose. In response to allegations of discrimination by defendants Mario
8   Cayabyab and Marilou Cayabyab on the basis of HIV status, Project Sentinel conducted testing
9   regarding the types of tenants that defendants accepted into their facilities to determine whether
10  there was evidence of discrimination based on HIV status.

11  Defendants Mario and Marilou Cayaybab owned and operated Cayabyab's Residential
12  Care Facility located at 770 Pronto Drive in San Jose, California during the time that Mr. Ramirez
13  resided at the facility. The facility operated as an adult residential care facility licensed by the
14  California Department of Social Services Community Care Licensing Division.

15  *Principal Factual Issues in Dispute:*

16  Plaintiffs' Contentions in the Case:

17  a. Whether defendants discriminated, or otherwise made unavailable or denied a dwelling
18  because of a handicap of the renter;

19  b. Whether defendants made statements with respect to the rental of a dwelling which
20  indicated a preference, limitation or discrimination based on disability; and

21  c. Whether defendants discriminated in the terms, conditions or privileges of the rental of
22  a dwelling because of a handicap of the renter.

23  Defendants' Contentions in the Case:

24  a. Defendants allege that plaintiff Arthur Ramirez failed to abide by house rules while he
25  resided at defendants' facility.

26  3. **Legal Issues**

27  a. Whether defendants violated the Fair Housing Amendments Act, 42 U.S.C. §§ 3601 et
28  seq. by discriminating or otherwise making unavailable and denying a dwelling because of a

handicap of the renter; discriminating in the terms, conditions, or privileges of rental of a dwelling because of a handicap of the renter; and making statements that indicated a preference, limitation or discrimination based on disability;

    b. Whether defendants violated the California Fair Employment and Housing Act, California Government Code §§ 12955 et seq. by discriminating against or harassing plaintiffs because of disability; making statements with respect to the rental of housing that indicate a preference, limitation or discrimination based on disability; and otherwise denying or making rental housing unavailable based on disability status.

    c. Whether defendants violated the California Unruh Civil Rights Act, California Civil Code §§ 51 et seq.; and

    d. Whether defendants were negligent.

**4.** **Motions**

There are no prior or pending motions at this time.  The parties do not anticipate filing any motions.

**5.** **Amendment of Pleadings**

The parties do not foresee amending their pleadings at this time.

**6.** **Evidence Preservation**

The parties request that each other retain all currently existing documents, including electronic data such as voicemails, emails or any other electronic recorded information, relating to the facts and circumstances alleged in plaintiffs' complaint.

**7.** **Disclosures**

Pursuant to the Case Management Scheduling Order issued on November 7, 2007, the parties were asked to complete their FRCP Rule 26(a) initial disclosures by no later than February 19, 2008.  The parties will serve their initial disclosures by that date.

**8.** **Discovery**

Plaintiffs and defendants agree to the following discovery plan:

Number of Depositions:  Pursuant to FRCP Rule 30, the parties agree to limit the number of depositions to be taken by each party to no more than a total of 10 depositions per party.

1  Except by stipulation of the parties or a court order, each deposition taken shall last one day and
2  consist of a total elapsed time of no more than 7 hours.  Finally, the parties agree that no
3  depositions shall be taken prior to the mediation session provided for in Paragraph 12 herein.
4  <u>Number of Production Requests:</u>  The parties agree to not limit the number of production
5  requests for each party, except as limited by the Federal Rules of Civil Procedure.
6  <u>Number of Interrogatory Requests:</u>  The parties agree to limit the number of interrogatory
7  requests to no more than 35 for each party.
8  <u>Requests for Admissions:</u>  The parties agree to no limits on the number of admissions
9  requests for each party.
10 The parties also agree that the party serving written discovery will also send opposing
11 counsel the discovery requests (by email) to facilitate compliance with Local Rule 33-1.
12 Plaintiffs' initial disclosures and documents submitted in response to defendants' discovery
13 requests will be Bates-stamped starting at 1-1000.  Defendants' initial disclosures and documents
14 submitted in response to plaintiffs' discovery requests will be Bates-stamped starting at 1001.
15 **9.    Class Actions**
16 This case is not a class action.
17 **10.   Related Cases**
18 There are no related cases or proceedings pending before another judge of this court, or
19 before another court or administrative body.
20 **11.   Relief**
21 Plaintiffs are seeking compensatory and punitive damages, declaratory and injunctive
22 relief, treble damages to plaintiff Arthur Ramirez under the Unruh Civil Rights Act, fees and
23 costs, and all such other relief as the court deems just and proper.  Plaintiffs seek damages under
24 their federal and state fair housing claims, Unruh Civil Rights Act and negligence claims.  The
25 amount of such damages is to be determined at trial.
26 Additionally, plaintiff Project Sentinel is seeking compensatory damages for diversion of
27 resources and frustration of mission and punitive damages.
28 Defendants seek their costs of suit and attorneys' fees.

1  **12.   Settlement and ADR**

2   Pursuant to ADR L.R. 2-39B and L.R. 7, the parties filed on February 4, 2008, a
3  Stipulation to ADR Process and Proposed Order to refer this civil matter to be calendared for
4  mediation.

5  **13.   Consent To Magistrate Judge**

6   Plaintiffs and defendants consent to have a United States magistrate judge conduct all
7  further proceedings including trial and entry of judgment.

8  **14.   Other References**

9   Since plaintiffs have claims for injunctive relief, this case is not suitable for referral to
10  binding arbitration.

11  **15.   Narrowing Of Issues**

12   Not at this time.

13  **16.   Expedited Schedule**

14   Not at this time.

15  **17.   Scheduling**

16   Plaintiffs and defendants agree to the following dates:

17   Factual Discovery Cut-off:  October 30, 2008

18   Expert Disclosure:  October 30, 2008

19   Rebuttal Expert Disclosure:  November 13, 2008

20   Expert Discovery Cut-off:  November 30, 2008

21   Last hearing date for dispositive motions:  January 20, 2009

22   Pre-trial Conference:  February 3, 2009

23   Trial:  March 2009

24  **18.   Trial**

25   Plaintiffs have requested that this case be tried before a jury.  Plaintiffs and defendants
26  estimate five full court days for trial.

27  ///

28  ///

CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO. C 07-05670 HRL

**19.     Disclosure of Non-party Interested Entities or Persons**

The parties will file the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. Other than named parties, there are no such interests to report.

**20.     Other Matters**

Not at this time.

Dated:                                          FAIR HOUSING LAW PROJECT

By: s/ Kim Pederson
    Kim Pederson

    Attorney for Plaintiffs

Dated:                                          AIDS LEGAL SERVICES

By: s/ Hilary Armstrong
    Hilary Armstrong
    Alison Brunner

    Attorneys for Plaintiffs

Dated:                                          LAW OFFICES OF MARTIN DEUTSCH

By: s/ Martin Deutsch
    Martin Deutsch
    Sosan Akbar

    Attorneys for Defendants

CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO. C 07-05670 HRL                                                                            7

I, Kim Pederson, am the ECF user whose ID and password are being used to file this Case Management Statement and Proposed Order. I hereby attest that AIDS Legal Services and the Law Offices of Martin Deutsch have concurred in this filing.

Dated:

By:   s/ Kim Pederson
     Kim Pederson
     FAIR HOUSING LAW PROJECT

     Attorney for Plaintiffs

CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO. C 07-05670 HRL

8

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order are hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

1. A further Case Management Conference shall be held in this courtroom on _____.

2. A pretrial conference shall be held in this courtroom on: _____.

3. The parties shall meet and confer regarding pretrial submissions by: _____.

4. Other: _____.

IT IS SO ORDERED.

Dated: _____

Honorable Howard R. Lloyd
United States Magistrate Judge

CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO. C 07-05670 HRL
9